DAVIDSON, J. Appellant was convicted for violating the local option law; his punishment being assessed at a fine of $75 and 30 days' imprisonment in the county jail.

The main witness for the state, Harry Wilson, a negro, testified that he met appellant on a vacant lot back of a livery stable, and bought a half pint of whisky from him, for which he paid him 50 cents. The witness Steakley testified that he saw the negro and defendant together, and saw the defendant hand Wilson something white. Steakley took the negro to the county attorney's office, where a half pint of whisky was taken from him. Appellant testified that he met the negro on the vacant lot mentioned; that the negro asked him for a match, which he gave him; that he had no other transaction with him, and did not sell him any whisky. Several witnesses impeached the witness Wilson by testifying his reputation for truth and veracity was bad, and that he was unworthy of belief. Wilson himself testified that he had been convicted for bootlegging, and had served on the county roads, and had just a short time prior to this transaction returned from such convict service. This is in substance and in fact practically the case.

The county attorney, in his closing argument to the jury, used the following language: "The defendant, Jim Harwell, according to the evidence in this case, makes his living by violating the local option law. This is your law, and you must stand by the county attorney in its enforcement." All sorts of exceptions were reserved to this language and the manner of argument, and a special charge requested, which the county judge refused. This charge was: "There is no evidence in this record showing that the defendant made his living by violating the laws, and the remarks of the county attorney to the effect that defendant, Jim Harwell, makes his living by violating the local option law, and such remarks are withdrawn from you. The further remarks of the county attorney to the effect that this is your law, and you must stand by the county attorney, is out of the record in this case, and said remarks were improper and withdrawn from you." This charge was refused. These matters are set forth in bill of exceptions. The court refused to give the charge, and refused in any way to caution the jury as to this character of argument. The statement of facts does not show that the appellant had made his living by violating the local option law, and so far as the transcript is concerned the only evidence against appellant in regard to violating the local option law is stated in the previous part of this opinion. If there was any other sale by the appellant, or that he was pursuing the business of violating the local option law, it is not in the record. This would not have been legitimate evidence under the case as here made, and it is a fact stated by the county attorney in his argument which was not justified by the facts, and which was not in fact justified before the jury. Appellant was given a punishment considerably in excess of the minimum: it being a $75 fine and 30 days in jail. The minimum punishment would be 20 days in jail and a $25 fine. Such argument as this ought not to be permitted.

The judgment is reversed, and the cause is remanded.

PICKLE v. STATE.

(Court of Criminal Appeals of Texas. Oct. 22, 1913.)

INTOXICATING LIQUORS (§ 236*)—OFFENSES—EVIDENCE—SUFFICIENCY.

In a prosecution for selling intoxicants in prohibition territory, evidence *held* sufficient to support the conviction.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 300–322; Dec. Dig. § 236.*]

Appeal from Jasper County Court; Garland Smith, Judge.

J. W. Pickle was convicted of the unlawful sale of intoxicating liquors, and he appeals. Affirmed.

J. J. Lee, of Jasper, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Under the misdemeanor statute prohibiting the sale of intoxicating liquors in prohibition territory, this conviction was had, and the lowest punishment prescribed by law assessed.

There is but one question in the case. Appellant contends that the evidence is insufficient to sustain the verdict. The proper orders of the commissioners' court were introduced showing that prohibition was in force before the felony statute was enacted, and at the time the alleged sale occurred. Appellant did not testify. The state proved substantially by two witnesses that Singletary, the party to whom the alleged sale was made, and a companion, were in the town of Jasper on Sunday, June 2, 1912, and wanted some whisky, and that they together went to appellant's house, where said Singletary called appellant out and told him he wanted some whisky. Appellant said he had none at the house, but he gave him some keys to a market house. Singletary and his companion, with the keys, then went to this market house, and Singletary got out and went in and got four or five pints of whisky. He carried the keys back to appellant, and

told appellant that he would see him next week, or fix it with him next week. In our opinion this evidence was sufficient to sustain the verdict; the jury and the lower court both so finding and holding.

The judgment will be affirmed.